UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WHISKEY BLUFF L L C ET AL**             **CASE NO. 2:25-CV-00950**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**POWERHOUSE COMMERCIAL**                 **MAGISTRATE JUDGE DAVID J. AYO**
**CONSTRUCTION ET AL**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Louisiana State Police Under Federal Rules of Civil Procedure 12(b)" (Doc. 19) wherein Third-Party Defendant, The State of Louisiana, through the Department of Public Safety and Corrections, Office of Louisiana State Police ("LSP") maintains that Defendants, Powerhouse Commercial Construction, Inc. and Ernest Patrick Anderson have failed to state a claim against LSP upon which relief can be granted. Specifically, LSP moves to dismiss the claims against pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on this Court's lack of jurisdiction.

## BACKGROUND

The underlying lawsuit involves a business venture between Anderson and Hardin wherein Anderson and Hardin co-owned Whiskey and the building where Whiskey operated.[1] The Whiskey Bluff, LLC filed a lawsuit in state court against Defendants, Powerhouse Commercial Construction, Inc. ("Powerhouse"),[2] Ernest Patrick Anderson, and Sarah Pharis.[3] The Petition for Damages alleges that Anderon and Pharis conspired to

---
[1] Doc. 1-4, ¶ 6 , Amended and Supplemental Reconventional Demand and Third-Party Claim.
[2] Anderson and his wife are sole shareholders of Powerhouse.
[3] Doc. 19-3, ¶ 1, Petition for Damages.

divest the Whiskey Bluff, LLC of insurance proceeds it recovered resulting from damages caused by Hurricane Laura in 2020.[4]

On May 22, 2025, Powerhouse Commercial Construction, Inc. and Ernest Patrick Anderson filed an *Amended and Supplemental Reconventional Demand and Third Party Claim* in the 14th Judicial District Court in the matter entitled *The Whiskey Bluff, LLC v. Powerhouse Commercial Construction, Inc, Ernest Patrick Andersson, and Sarah Pharis*, Civ. Action No. C-2021-5365, Division "B."[5] Anderson named The Whiskey Bluff, LLC ("Whiskey"), Wayne Hardin ("Hardin"), Sandi Ellender ("Ellender"), and the Louisiana State Police, Department of Public Safety as a political entity of the State of Louisiana , as defendants in reconvention and third-party defendants,.[6]

Anderson alleged that Ellender, assigned to the Gaming Enforcement Division, was acting in the course and scope of her employment with the LSP, making the LSP vicariously liable for Trooper Ellender's acts and omissions.[7] Anderson alleged that the LSP acted negligently by failing to (1) adequately train and instruct its officers on proper investigative procedures, legal standards and ethical obligations; (2) properly supervise, monitor, or discipline its officers; and (3) implement or enforce policies necessary to prevent abuse of authority, conflicts of interest, retaliatory conduct, and procedural misconduct.[8]

---

[4] *Id.* ¶ ¶ 4,10,11.
[5] Doc. 1, Notice of Removal.
[6] Doc. 1-4, ¶ 1, Amended and Supplemental Reconventional Demand and Third-Party Claim.
[7] *Id.* ¶ ¶ 3, 31.
[8] *Id.* ¶ 4.

Anderson's allegations include Ellender's actions, in the course of her employment with LSP, in which she engaged in discriminatory treatment with retaliatory intent[9] during the process of Anderson's application for a gaming license, which ultimately resulted in the denial of his license application. Anderson alleges that Ellender abused her authority, her conduct violated LSP's internal policies, and directly prejudiced Anderson's application, contributed to its wrongful denial, and inflicted tangible and reputational harm.[10]

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.

---

[9] The Amended and Supplemental Reconventional Demand and Third-Party Claim alleges that Ellender was a close person friend of Bridget Hinton with whom Anderson had a civil dispute. *Id.* ¶ 6.
[10] *Id.* ¶ 22.

1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995). The party asserting jurisdiction has the burden of pleading and proving that the Court has subject matter jurisdiction and must do so by a preponderance of the evidence. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. of Juv. Just.*, No. CV 21-00013, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same

standard as a motion to dismiss under Rule 12(b)(6). *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992)).

## LAW AND ANALYSIS

Third-Party Defendant, The State of Louisiana, through the Department of Public Safety and Corrections, Office of Louisiana State Police ("LSP") moves to dismiss the claims asserted against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on this Court's lack of jurisdiction. Defendant, Sandi Ellender, an employee of LSP, removed the state law action to this Court based on sovereign immunity. The record reflects that LSP was served after Ellender removed the suit to this Court.[11] LSP moves to dismiss the claims that Anderson and Powerhouse have asserted against it; it does not move to remand it to state court.

Third-Party Plaintiffs, Powerhouse, Anderson and Pharis contend that dismissal is not appropriate. Instead, the action should be remanded to state court. This Court agrees.

In *Home Depot U.S.C., Inc., v. Jackson*, the Supreme Court held that the general removal statute does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim. Here, LSP and Ellender are third-party defendants. Of significance, Whiskey Bluff's original petition does not contain allegations that would allow it to file its original petition in federal court, thus, Ellender improperly removed this action pursuant to 28 U.S.C. § 1441.

---

[11] Docs. 16, 17, 18.

## CONCLUSION

For the reasons explained herein, the Court will deny the Motion to Dismiss Louisiana State Police Under Federal Rules of Civil Procedure 12(b)" (Doc. 19). The Court will further *sua sponte* remand this civil action to the Fourteenth Judicial District Court for lack of jurisdiction. 28 U.S.C. § 1447 (c), in pertinent part, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**THUS DONE AND SIGNED** in chambers on this 23rd day of January, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**